884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve E. MILLSAPS, Plaintiff-Appellant,
v.
John S. BINGHAM, Defendant-Appellee.
 No. 89-5234.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1989.
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges, and CHARLES R. SIMPSON, III, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Steven E. Millsaps, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking monetary damages, a copy of the trial records, a new trial, and modification of his sentence, Millsaps sued his court-appointed criminal trial counsel, alleging that he had violated his civil rights when he failed to withdraw a Motion to Sever a trial on several counts of an indictment for a number of bad check charges. Millsaps alleged that the failure to withdraw the Motion to Sever resulted in his sentence being enhanced beyond what he was willing to accept as a result of a guilty plea.
 
 
 5
 After reviewing the briefs and record, the district court sua sponte dismissed the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Millsaps has filed a timely appeal in which he raises the same issues which were asserted before the district court. In his brief, he also renews his request for a copy of the record and seeks the appointment of counsel.
 
 
 6
 Upon review, we conclude the district court properly dismissed Millsap's complaint as it lacks an arguable basis either in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 7
 To maintain a suit under 42 U.S.C. Sec. 1983, a plaintiff must allege that he was deprived, by a person acting under color of state law, of a right secured by the Federal Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 533 (1981). Millsaps cannot satisfy these requirements because his court-appointed counsel did not act under color of state law while representing the interests of a client. Polk County v. Dodson, 454 U.S. 312 324-25 (1981).
 
 
 8
 Further, part of Millsaps claim challenges the length of his confinement rather than seeking damages. This portion of the claim is only cognizable in a habeas corpus action filed pursuant to 28 U.S.C. Sec. 2254. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).
 
 
 9
 Accordingly, Millsaps request for the appointment of counsel and for the production of a transcript at government expense is hereby denied and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, U.S. District Judge for the Western District of Kentucky, sitting sitting by designation